IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NEIL EDGAR,

                              Petitioner,

             v.                                CASE NO. 16-3185-SAC

SAM CLINE,

                              Respondent.

MEMORANDUM AND ORDER

     This matter is a petition for habeas corpus filed under 28 U.S.C.
§ 2254. By an order entered on October 5, 2016 (Doc. #3), the Court
directed petitioner to show cause why the petition should not be
dismissed due to his failure to file it within the one-year limitation
period established in 28 U.S.C. § 2244(d)(1).

     Petitioner filed a timely response (Doc. #4) in which he presents
two arguments: first, that his appellate counsel did not advise him
of the remedy under section 2254[1], and second, that he diligently
pursued legal remedies but filed a defective post-conviction
pleading.

     For equitable tolling, a petitioner must show both that he
diligently pursued his rights and that some extraordinary
circumstance prevented him from timely filing his federal habeas
petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). This showing
requires a petitioner to present "specific facts to support his claim
of extraordinary circumstances and due diligence." *Yang v. Archuleta*,

---

[1] "[A]ppellate counsel never informed defendant the need to pursue a 2254 motion."
(Doc. #4, p. 1.)

525 F.2d 925, 928 (10th Cir. 2008).

Petitioner's claim that his appellate counsel did not inform him of the remedy under Section 2254 does not entitle him to equitable tolling. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(internal quotation marks omitted).

Likewise, petitioner's claim that he filed a defective pleading fails to identify any specific defect in either of his state post-conviction actions that might arguably entitle him to equitable tolling.

Accordingly, the Court concludes this matter must be dismissed due to petitioner's failure to file within the statutory limitation period.

The Court also must consider whether a certificate of appealability ("COA") should be issued in this matter. The COA, a prerequisite to appellate jurisdiction, may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the dismissal is based upon procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that the present record does not support the issuance of a COA. The petition was not filed within the limitation period, and petitioner has not shown any extraordinary circumstance that merits equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 25th day of January, 2017, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge